# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STOBA, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAVEOLOGY.COM, LLC, *et al.*,<br>　　　　　　　　Defendants. | Case No. 13-cv-2925-BAS(NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART TWC'S MOTION TO DISMISS; AND**<br><br>**(2) GRANTING SAVEOLOGY'S AND ELEPHANT'S MOTIONS TO DISMISS**<br><br>**[ECF Nos. 2, 3, 4]** |

　　　On October 8, 2013, Plaintiffs George Stoba and Daphne Stoba commenced this action for alleged unlawful recordings or monitoring of telephone calls. Thereafter, Defendants Saveology.com, LLC ("Saveology"), Elephant Group, Inc. ("Elephant"), and Time Warner Cable ("TWC") removed this action to federal court. Defendants now each separately moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose.

　　　The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** TWC's motion to dismiss, and **GRANTS** Saveology's and Elephant's motions to dismiss.

## I. BACKGROUND

According to the complaint, on November 25, 2012, Mr. Stoba conducted an internet search using the term "Time Warner Cable," and Ms. Stoba subsequently made a telephone call to Defendants. (Compl. ¶ 19.) During Ms. Stoba's telephone call, she "provided her confidential information, including, but not limited to her telephone number, address, and email address." (*Id.*) Shortly thereafter, Plaintiffs allege that Defendants called Ms. Stoba "in an attempt to sell Time Warner Cable service . . . , during which the male caller stated that [sic] 'Hi, this is Time Warner Cable.'" (*Id.*) On the same day, Mr. Stoba also called Defendants.

The next day, Defendants called Mr. Stoba again "in an attempt to sell Time Warner Cable service to Plaintiffs, during which the male caller stated that [sic] 'I'm with Time Warner Cable.'" (Compl. ¶ 20.) During this telephone call, "the male caller identified himself as 'Joseph' and further stated that he was with Saveology, an authorized dealer of Time Warner Cable." (*Id.*) Plaintiffs allege that "[d]uring the end of this last telephone call . . . , 'Joseph' stated that he wanted to let him know their call was being recorded for quality assurance purposes." (*Id.*) Mr. Stoba's alleged response to Joseph was "that he did not consent to their call being recorded and that it was illegal to record a telephone call in California without consent." (*Id.*)

Plaintiffs allege that "Defendants recorded and/or monitored all of these multiple telephone conversations with Plaintiffs in the course of Defendants' attempt to sell Time Warner Cable service to Plaintiffs." (Compl. ¶ 21.) They further allege that "[a]t no time during any of these calls were the Plaintiffs ever informed at the beginning of the telephone calls that their telephone calls were being recorded and/or monitored[,]" and "[a]t no time did Plaintiffs give their consent to Defendants for their telephone calls to be recorded and/or monitored." (*Id.*) According to Plaintiffs, during the relevant time period, Defendants "had a policy and a practice of recording and/or monitoring telephone conversations with consumers[,]" and "Defendant's [sic] employees and agents [were] directed, trained and instructed to, and [did], record

and/or monitor telephone conversations with Plaintiffs and other California residents." (Compl. ¶ 22.)

On October 8, 2013, Plaintiffs commenced this class action against Defendants, asserting three causes of action: (1) Unlawful Recording or Monitoring of Telephone Calls under California Penal Code § 632; (2) Unlawful Recording of Telephone Calls under California Penal Code § 632.7; and (3) Unlawful and Unfair Business Acts and Practices in violation of California Business and Professions Code § 17200 (Unfair Competition Law, or "UCL"). Then on December 6, 2013, Defendants removed this action to federal court. Defendants each filed separate briefs moving to dismiss under Rule 12(b)(6). TWC moves to dismiss the complaint in its entirety, and Saveology and Elephant move to dismiss Plaintiffs' UCL cause of action. Plaintiffs oppose all of the motions.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

//
//
//
//

## III. DISCUSSION

### A. California Penal Code Sections 632 and 632.7

TWC argues that the causes of action brought under California Penal Code §§ 632 and 632.7 should be dismissed for two reasons: (1) because TWC cannot be held criminally liable under §§ 632 and 632.7; and (2) because "there are no facts alleged from which an inference can reasonably be drawn that TWC aided or abetted Saveology in failing to provide notice that calls were being recorded, or that Saveology and TWC conspired to not provide the notice, or even that TWC caused the notice to not be provided." (TWC's Mot. 5:3–11, 6:11–21.) Relying also on California Penal Code § 31, the latter reason presumes that Plaintiffs assert the causes of action for criminal liability rather than civil liability. (*See id.* at 5:3–10.)

Section 632 is part of California's invasion-of-privacy statutory scheme. It provides, in relevant part, that "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic . . . device . . . records the confidential communication" violates the statute. Cal. Penal Code § 632(a). Accordingly, "the three elements that Plaintiff must prove are (1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; [where] (3) all parties did not consent." *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012) (Lorenz, J.) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774-76 (2002)). Furthermore, California Penal Code § 637.2 authorizes a private civil right of action for any violation of § 632. Even though the California Legislature "chose to impose penal as well as civil sanctions," the reach of § 637.2 "would be the same if the Legislature had adopted three separate statutes—one declaring that the prohibited conduct was unlawful, a second specifying the civil sanctions that could be imposed upon such unlawful conduct, and a third specifying the penal sanctions that could be imposed for such conduct—and had placed the first two statutes in the Civil Code and the third in the Penal Code." *Kearny v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 116 n.6 (2006).

Here, there is no indication in Plaintiffs' complaint that they are pursuing criminal claims against TWC. TWC also fails to provide any legal authority that imposes criminal standards—namely, that criminal liability for the acts of another requires actively engaging in the criminal activity by advising, encouraging, aiding or abetting it—when pursuing civil liability under §§ 632 and 632.7. TWC only cites California Penal Code §§ 31, 632, and 632.7 in addition to *Twombly* in their motion in order to support their argument. But upon reviewing the aforementioned statutes as well as *Twombly*, the Court cannot identify any proposition that imposes any criminal standards in pursuing civil liability under §§ 632 and 632.7.

In sum, the Court rejects TWC's argument that the §§ 632 and 632.7 causes of action must be dismissed. Plaintiffs are within their right to assert an action solely for civil liability under these statutes. *See Kearney*, 39 Cal. 4th at 116 n.6. Both parties address whether Plaintiffs adequately allege "aiding and abetting" in order for Plaintiffs to sustain their §§ 632 and 632.7 causes of action. However, the Court need not address TWC's argument that Plaintiffs fail to adequately assert their §§ 632 and 632.7 causes of action because that argument presumes that a criminal standard—specifically, under California Penal Code § 31—applies. As the Court found above, such criminal standards do not apply to Plaintiffs' §§ 632 and 632.7 *civil* causes of action. Accordingly, the Court **DENIES** TWC's motion to dismiss as to Plaintiffs' §§ 632 and 632.7 causes of action.

### B.     California Business and Professions Code § 17200

Defendants each argue that Plaintiffs lack standing to assert their UCL cause of action because they fail to allege an "injury in fact and loss of money or property" as a result of Defendants' alleged unfair practice in their complaint. (TWC's Mot. 7:1–9:20; Saveology's Mot. 5:8–6:22; Elephant's Mot. 5:8–6:22.) In response, Plaintiffs contend that they assert sufficient facts to assert an injury in fact under California Business and Professions Code § 17204 because their "primary asserted

1 injury is violation of their statutory right of privacy under California Penal Code §§ 632, 632.7." (Def.'s TWC Opp'n 17:18–28.) They also argue that because they only seek injunctive relief, § 17200's standing requirement that a plaintiff must have "lost money or property" does not apply. (*Id.* at 22:3–6.) It is worth noting that Saveology's and Elephant's motions and replies are nearly identical, presenting the same argument nearly verbatim. The same can also be said for TWC's motion and reply with respect to its challenge to Plaintiffs' UCL cause of action.

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200. This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Standing to bring a UCL action requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that (1) he or she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-60 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855-56 (2008)); *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

To show an economic injury, a plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Kwikset*, 51 Cal. 4th at 885-86. Though "lost money or property" as an economic injury is a "classic form of injury in fact," it is not the exclusive means of establishing an injury in fact under California's UCL. *See id.* at 323-24.

In *Walker v. Geico General Insurance Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009), the Ninth Circuit addressed a plaintiff's challenge to a district court's ruling that he lacked standing under California's UCL. The court noted that the amended UCL statute requires a plaintiff to establish that he has "suffered an injury in fact and has lost money or property." *Id.* (quoting *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006)) (internal quotation marks omitted). The plaintiff in *Walker* took the position that "although he cannot establish the requisite 'lost money or property' for the purposes of monetary relief under the UCL, he is nevertheless entitled to an injunction[.]" *Id.* The Ninth Circuit concluded that the plaintiff's argument "is supported neither by the language of the amended statute nor its purpose." *Id.* (citing *Buckland v. Threshold Enters. Ltd.*, 155 Cal. App. 4th 798, 817 (2007) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution."); *see also Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007).

Similarly, Plaintiffs suggest here that the "lost money or property" requirement for standing to pursue a UCL action under § 17204 does not apply them because they are only seeking injunctive relief. However, as the Ninth Circuit found in *Walker*, Plaintiffs are mistaken. *See Walker*, 558 F.3d at 1027; *see also Buckland*, 155 Cal. App. 4th at 817. In order to have standing to pursue a UCL action, Plaintiffs must allege facts that demonstrate lost money or property. *See id.* Plaintiffs fail to do so here. They also fail to direct this Court's attention to any allegations in the complaint that provide any facts plausibly demonstrating lost money or property. Therefore, based on the allegations in the complaint, Plaintiffs lack standing to pursue their UCL action, and the Court **GRANTS** Defendants' motions to dismiss as to Plaintiffs' UCL cause of action. *See* Cal. Bus. & Prof. Code §§ 17200, 17204; *Walker*, 558 F.3d at 1027.

//

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** TWC's motion to dismiss, and **GRANTS** Saveology's and Elephant's motions to dismiss. Specifically, the Court **DISMISSES WITHOUT PREJUDICE** only Plaintiffs' UCL cause of action as to all of the defendants.

The Court also **GRANTS** Plaintiffs' request for leave to file an amended complaint to cure any deficiencies in the complaint. *See* Fed. R. Civ. P. 15(a). Consequently, if Plaintiffs choose to amend their UCL cause of action, they must do so no later than **August 11, 2014**.

**IT IS SO ORDERED.**

**DATED: July 18, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**