UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STOBA, and DAPHNE STOBA, on behalf of themselves and others similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> SAVEOLOGY.COM, LLC; ELEPHANT GROUP, INC.; TIME WARNER CABLE, INC.; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 13cv2925 BAS (NLS) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> **[Dkt. No. 66]** |

On June 18, 2015, the court issued an order denying Plaintiffs' motion to compel further responses to interrogatories because it was filed late, in violation of this chambers' 45-day rule regarding discovery disputes. Plaintiffs—without obtaining a hearing date for a fully noticed motion or giving notice to Defendants for an ex parte application—filed a "motion for reconsideration" of that order. Because it was not a fully-noticed motion, Defendants treated it like an ex parte application and filed an opposition the next day. Plaintiffs filed a reply. For the following reasons, the court **DENIES** the motion.

Plaintiffs urge the court to use its inherent power to reconsider its order on the discovery dispute. They argue that the court "misunderstood a party or made an error of apprehension." *See Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011). Specifically, they argue that (1) counsel agreed to continue the deadlines to file the Joint Motion, and neither counsel believed their agreements were invalid; (2) Defendants never asserted the Joint Motion was untimely; and (3) the impact of the Order is unduly harsh because it prejudices Plaintiffs' ability to obtain discovery as a result of their reliance on their agreements with Defendants. In essence, Plaintiffs argue the court made a mistake in denying the motion to compel for being filed late because it misunderstood the fact that all counsel agreed to the extensions, and that their agreement alone should trump any court orders regarding scheduling.

Defendants argue that the Chambers Rules and Local Rules are clear that Joint Discovery motions must be filed within 45 days and that parties must move to extend scheduling order deadlines in writing. Even though defense counsel agreed to Plaintiffs' extensions, with regard to their own Joint Motion deadlines, Defendants wanted the court to approve any agreement they had to continue motion filing deadlines. *See* Feldman Decl. Ex. A.[1]

The court did not "misunderstand" that the parties agreed to the extensions. It assumed the parties agreed to extend the filing deadline because Defendants did not object to the timeliness of the motion. It was also clear to the court that the parties expressly violated an order this court issued on April 9, 2015. In that order, when

---

[1] On June 2, defense counsel wrote in an email to Plaintiffs' counsel: "Defendants are not willing to extend their court-imposed deadline without court approval." On June 1, she wrote: "Note that June 4 is defendants' court-imposed deadline to file a joint motion and we do not intend to extend this deadline without a court order."

2

1    Defendants asked the court to move the May 8 Joint Motion deadline[2] to June 26, the
2    court said, "no." Dkt. No. 49.  After the court said, "no," counsel then privately agreed to
3    move the deadline anyway, without asking any further permission from the court.

4        Plaintiffs also base their arguments on inaccurate assertions.  First, they argue the
5    court has "an inflexible 45 day deadline." Mtn. for Reconsideration, p.4.  That is not
6    true.  The court simply requires that it approve any agreements to extend a deadline.  This
7    is not, as Plaintiffs argue, "a waste of judicial resources." Mtn. for Reconsideration, p.6.
8    Rather, there is a sound reason for the rule, as it is meant to prevent a flurry of discovery
9    motions being filed at the end of the discovery period, exactly what Plaintiffs appear to
10   be doing here.

11       Second, Plaintiffs argue that by denying the parties' request to extend the Joint
12   Motion deadline "without prejudice," the court "did not put Plaintiffs or the parties on
13   notice that there [*sic*] agreements were invalid or that no extensions are permitted under
14   the court's 'Chambers Rules.'" Mtn. for Reconsideration, p.4.  The best that the court
15   can make of this argument is that Plaintiffs took the "without prejudice" to mean that
16   even though the court denied the relief sought, the "without prejudice" gave the parties
17   free reign to do what the court just told them they could not do.  That argument is
18   illogical.

19       The court does not see any basis to grant the motion for reconsideration because
20   there was no misunderstanding of the parties' agreement to extend the deadlines.  Such
21   agreements—absent court approval—are not recognized.  At the time they filed the Joint
22   Motion, the parties were on express notice of the 45 day deadline and approval
23   requirement given (1) the September 25 Order following the ENE (¶ 3 sets out the 45 day

---

[2] The court still believes that the deadlines for filing a Joint Motion for all but one of the interrogatories passed on March 30, 2015, before the request to continue the "May 8" date was brought.

rule); (2) the Chambers Rules (explaining the 45 day rule and stating the parties must file a request to extend scheduling order deadlines); (3) Local Rule 7.2(a) ("[S]tipulations must be recognized as binding on the court only when approved by the judge"); and (4) the April 9 Order where the court refused to extend the joint motion deadline.

In sum, there is nothing in the Chambers Rules, Local Rules, September 25 Order or April 9 Order that appears ambiguous as to the court's requirements for filing discovery motions. While the result may seem harsh to the Plaintiffs, Plaintiffs were on more than sufficient notice of the court's requirements. Accordingly, the court **ORDERS**:

1. The motion for reconsideration is **DENIED**; and
2. The parties are forewarned that if they file any discovery motions after the entry of this order that are untimely, the court will likely impose sanctions against the offending party in the form of attorney's fees.

**IT IS SO ORDERED.**

Dated: June 25, 2015

Hon. Nita L. Stormes
United States Magistrate Judge