1

2

3

4          UNITED STATES DISTRICT COURT

5          SOUTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| 7   GEORGE STOBA, and DAPHNE<br>8   STOBA, on behalf of themselves and<br>others similarly situated,,<br>9                                   Plaintiffs,<br>10   v.<br>11   SAVEOLOGY.COM, LLC; ELEPHANT<br>GROUP, INC.; TIME WARNER<br>12   CABLE, INC.; and DOES 1 through 20,<br>inclusive,<br>13<br>14                                   Defendants. | Case No.:  13cv2925 BAS (NLS)<br><br>**ORDER DENYING EX PARTE<br>MOTION TO APPROVE THE<br>PARTIES' AGREEMENT RE:<br>JOINT MOTIONS FOR<br>DETERMINATION OF<br>DISCOVERY DISPUTES<br>CONCERNING PLAINTIFF'S<br>DISCOVERY**<br><br><br>**[Dkt. No. 75]** |

15

16

17

18          This is a prospective class action alleging violations of the California Invasion of

19    Privacy Act, Cal. Pen. Code §§ 632 and 632.7(c)(1).  Named Plaintiffs George Stoba

20    and Daphne Stoba allege they were contacted on multiple occasions on their landline by

21    a telemarking company, defendant Saveology.com, LLC.  Defendant Elephant Group,

22    Inc. (EGI) is the parent company of Saveology.  Saveology made the contacts on behalf

23    of defendant Time Warner Cable, Inc (TWC).  The Stobas allege that their telephone

24    calls were recorded without their consent and without the proper notice, all in violation

25    of California law.  They make these claims on behalf of a purported class of people

26    physically located or residing in California.  They also seek to certify a subclass for cell

27    phone users.

By way of this ex parte application, Plaintiffs ask the court to approve—nunc pro tunc to June 25, 2015—the parties' alleged agreement to allow the filing of at least nine more Joint Motions for Determination of Discovery Disputes regarding the sufficiency of Saveology's and TWC's responses to various discovery requests.  Plaintiffs seek the same form of relief that this court has already denied them in two prior orders. Defendants oppose the motion and ask for sanctions.

For the following reasons, the court **DENIES** the ex parte application and **DENIES** Defendants' request for sanctions.

**Relevant Background.**

This class action case was removed to this court in December 2013.  Defendants filed partial motions to dismiss, which the district judge granted in part and denied in part.  Defendants filed answers in August 2014.  This court held an Early Neutral Evaluation (ENE) on September 24, 2014.  The court summarizes below the remaining relevant procedural background and order of discovery exchanges:

- In the September 25 order following the ENE, the court ordered the parties to hold the Rule 26(f) conference by October 8, 2014, exchange initial disclosures by October 31, 2014, complete **class** discovery by February 27, 2015, and file a motion for class certification by March 27, 2015.  The court also expressly stated its rules regarding discovery disputes: "If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court (see attached "Chambers' Rules" on Discovery Disputes).  [The attached rules state that] [f]or written discovery, the event giving rise to the discovery dispute is the service of the initial response, not the date on which counsel reach an impasse in meet and confer efforts."  Dkt. No. 28.

- On December 15, 2014—nearly three months after discovery opened— Plaintiffs served their first set of discovery on Saveology.  Ex Parte App., p.2; Dkt. No. 33, ¶ 6.

- On January 15, 2015—nearly four months after discovery opened—and without having served any discovery on any defendant other than Saveology—the parties jointly asked the court to extend the five-month class discovery period by an additional four months.  Dkt. No 33.

- On January 21, 2015, the court granted the joint motion in part, extending the class discovery and class certification motion filing deadlines by only two months instead of four months.  Dkt. No. 34.

- On February 11, 2015, Saveology objected to the first set of discovery.  Ex Parte App., p.2.

- On February 12, 2015—nearly five months after discovery opened— Plaintiffs served their first set of discovery on TWC.  Ex Parte App., p.1.

-  On March 12, 2015—nearly two months after the court extended the class discovery deadline to April 27, 2015 and six months after discovery opened—Plaintiffs served their first set of discovery on EGI and second set of discovery on Saveology.  Ex Parte App., p.1; Dkt. No. 42.

- On March 24, 2015, TWC served its responses to Plaintiffs' first set of discovery.  Ex Parte App., pp.1-2.

- On March 25, 2015—citing an agreement to conduct a private mediation on April 1 and the outstanding discovery requests—the parties asked to continue the class discovery and class certification motion filing deadlines for an additional two months, on top of the seven months they were already permitted to conduct class discovery.  Dkt. No. 42.

- The court granted the joint motion on March 26, noting that "The court will not grant any further extensions absent **extraordinary cause.**" Dkt. No. 43 (emphasis in original).

- On March 30, 2015, the deadline to file any motion to compel further responses to the first set of discovery served on Saveology (based on their February 11 response date) expired.

- On April 7, 2015, defense counsel filed a notice of withdrawal and moved for a two-week extension to respond to discovery.  Dkt. No. 44.

3

- On April 8, 2015, Plaintiffs filed a 59-page opposition to the requested extension and asked that the "May 8, 2015 deadline to file motions to compel further responses" be continued to June 26, 2015.  Dkt. No. 48.

- On April 9, 2015, the court granted the two-week extension for class discovery and denied Plaintiffs' request to extend the "deadline to file motions to compel...as at this time there is no reason to believe that the parties will have problems complying with the current deadlines."  Dkt. No. 49.

- New defense counsel substituted in on April 14, 2015. Dkt. No. 52.

- On April 28, 2015, EGI responded to its first set of discovery and Saveology responded to its second set of discovery.  Ex Parte App., p.1.

- On May 8, 2015, the deadline to file any motion to compel further responses to the first set of discovery served on TWC (based on their March 24 response date) expired.

- On June 11, 2015, the parties filed the first Joint Discovery Motion regarding the sufficiency of Saveology's February 11 responses to Plaintiffs' first set of discovery.  Dkt. No. 59.

- On June 12, 2015, the deadline to file any motion to compel further responses to the first set of discovery served on EGI and the second set of discovery served on Saveology (based on their April 28 response date) expired.

- On June 18, 2015, the court denied the June 11 Joint Discovery Motion No. 1 as untimely because it was filed over two months late and Plaintiffs were on express notice that the court did not want the joint motion filed after their proffered May 8 deadline.  Dkt. No. 62; *see* Dkt. No. 48.

- On June 19, 2015, Plaintiffs asked this court to reconsider the June 18 order.  Dkt. No. 66.

- The court denied the motion for reconsideration on June 25, 2015.  Dkt. No. 72.

- At 8:05 p.m. on June 25, 2015, Plaintiffs filed this ex parte application asking the court "for approval of the parties agreement to allow the filing of Joint Motions for Determinations of Discovery Disputes…[and] request the relief requested be granted *nunc pro tunc* to June 25, 2015 so as to allow for the filing of such Joint Motions should the relief requested not be entered on June 25, 2015.  Dkt. No. 75.

- Discovery closed on June 26, 2015.

- On July 2, 2015, Plaintiffs filed a "Motion for Reconsideration by the District Court of Magistrate Judge's Ruling" regarding this court's June 18 and June 25 Orders.  Dkt. No. 79.

- Plaintiffs' deadline to file a motion for class certification is July 27, 2015.

**Discussion.**

**1.  Legal Standard.**

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Proc. 16(b)(4).  Further, "district courts have inherent power to control their dockets, but not when its exercise would nullify the procedural choices reserved to parties under the federal rules."  *Atchison, T. & S.F. Ry. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

**2.  There Is No Good Cause to Amend the Scheduling Order.**

Plaintiffs do not argue good cause to amend the scheduling order; rather, they argue that the parties' agreement to allow the filing of discovery motions on June 25 "does ***not*** involve a 'scheduling order.'"  Ex Parte App., p.4 (emphasis in original). They assert that "there is ***no*** discovery ***motion deadline***."  Ex Parte App., p.4 (emphasis in original).  Plaintiffs assert that the order setting the June 26 discovery deadline sets only the discovery cutoff, and no discovery motion deadline.

Plaintiffs' attempt at wordsmithing will not carry the day here.  If they argue there was no discovery motion deadline to extend, then how could counsel agree to

1   extend a filing deadline if a deadline never existed?  And why did counsel send

2   numerous emails to defense counsel, stating things like:

> Debbie: Please note that it is my understanding that, prior to
> serving supplemental responses, Plaintiffs' had until April 13th
> to file a motion to compel further responses to Saveology's
> responses to Plaintiffs' 1st Set of Requests for Admissions and
> had until April 20th to file a motion to compel further responses
> to Plaintiffs' 1st Set of Request for Documents and
> Interrogatories.  Given Saveology's supplemental responses, I
> believe that Plaintiffs possibly have until May 8th to file
> motions on Plaintiffs' 1st sets of discovery served on Saveology.
> Therefore, I ask that you confirm (or let me know if I am
> wrong) that Plaintiffs have until May 8th to bring motions to
> compel further responses to Plaintiffs' 1st sets of discovery
> served on Saveology.

13   Keegan Decl., Ex. 1, March 24 Email from Patrick Keegan to Debbie Kirkpatrick.

14          Contrary to Plaintiffs' assertions, the 45-day deadline to file a joint discovery

15   motion was part of the scheduling order issued September 25.  In the June 18 Order, the

16   court addressed how Plaintiffs failed to comply with the 45-day deadline and how the

17   45 days were counted from the date of service of the *initial* response.  In this third

18   attempt at getting the court to change its mind on the motion filing deadline, Plaintiffs

19   fail to cite any good cause.  Further, to the extent they try to argue that the 45 days

20   should have been counted from the service of any amended or supplemental responses,

21   such a rule would defeat the purpose of having a 45-day deadline because "[t]o follow

22   Plaintiff's logic, the [45]–day clock would never begin to run as long as the opposing

23   party continued to amend or supplement earlier responses." *Guzman v. Bridgepoint*

24   *Educ. Inc.*, 2014 WL 1057417, *2 (S.D. Cal. Mar. 18, 2014).

25          And finally, even though Defendants agreed to the extensions, such agreement

26   did not negate the requirement that Plaintiffs get court approval for the extensions, or

27   that defense counsel thought that no extension was needed.  *See, e.g.*, Feldman Decl.,

1   Ex. A ("Defendants are not willing to extend their court-imposed deadline without court

2   approval") and ("Note that June 4 is defendants' court-imposed deadline to file a joint

3   motion and we do not intend to extend this deadline without a court order").

4        As this court has explained, "there is a sound reason for the rule, as it is meant to

5   prevent a flurry of discovery motions being filed at the end of the discovery period,

6   exactly what Plaintiffs appear to be doing here."  June 18 Order, p.3.  Other courts in

7   this district have held the same:

8        This is not a close call. Plaintiff clearly knew the rules that
         discovery disputes must be brought to the Court's attention in a
9        timely manner and no later than 30 days [here, 45 days] from
         the time the dispute arose. The parties were advised of this in
10       the Court's Order of November 12, 2013 [here, an order from
         September 25, 2014]. The clock does not reset simply because
11       Plaintiff allowed Defendants to serve untimely responses. At
         this time, with two weeks left before fact discovery is to
12       conclude on March 31, 2014 [here, filed the night before the
         discovery cutoff of June 26], the parties brought to the Court's
13       attention discovery disputes that arose in October and
14       December 2013 [here, disputes started in February 2015].

15

16

17   *Guzman*, 2014 WL 1057417, *3.

18        Finally, there is sound circuit-wide policy supporting this rule:

19       In these days of heavy caseloads, trial courts ... routinely set
         schedules and establish deadlines to foster the efficient
20       treatment and resolution of cases. Those efforts will be
         successful only if the deadlines are taken seriously by the
21       parties, and the best way to encourage that is to enforce the
         deadlines. Parties must understand that they will pay a price for
22       failure to comply strictly with scheduling and other orders, and
23       that failure to do so may properly support severe sanctions and
24       exclusion of evidence…

25

26       If (Plaintiff) had been permitted to disregard the deadline…, the
         rest of the schedule laid out by the court months in advance,
27       and understood by the parties, would have to have been altered

7

> as well. Disruption to the schedule of the court and other parties is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Id.* (quoting *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060, 1062 (9th Cir.2005)).

Accordingly, the court denies Plaintiffs' motion to approve the parties' agreement to belatedly file joint motions for determinations of discovery disputes.

### 3.  Request for Sanctions.

The court has considered Defendants' request for sanctions.  While the court has authority to impose sanctions under either Rule 11 or Rule 16(f), the court is not inclined to do so at this time.

**IT IS SO ORDERED.**

Dated:  July 8, 2015

Hon. Nita L. Stormes
United States Magistrate Judge

8

13cv2925 BAS (NLS)