1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE STOBA, *ET AL.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>SAVEOLOGY.COM, LLC, *ET AL.*,<br><br>                    Defendants. | Case No.  13-cv-02925-BAS(NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING (ECF NO. 79); AND**<br><br>**(2) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING (ECF NO. 96)** |

On July 2, 2015, plaintiffs George Stoba and Daphne Stoba (collectively "Plaintiffs") filed a motion for reconsideration of United States Magistrate Judge Nita L. Stormes' June 18, 2015 Order Determining Joint Motion for Determination of Discovery Dispute and Denying Plaintiffs' Request to Compel Further Responses to First Set of Interrogatories (ECF No. 62 ("June 18 Order")), and Judge Stormes' June 25, 2015 Order Denying Plaintiffs' Motion for Reconsideration (ECF No. 72 ("June

25 Order")). (ECF No. 79.) Plaintiffs object to the factual and legal findings in the June 18 Order and the June 25 Order. Defendants oppose. (ECF No. 92.) On July 23, 2015, Plaintiffs also filed a motion for reconsideration of Judge Stormes' July 8, 2015 Order Denying Ex Parte Motion to Approve the Parties' Agreement Re: Joint Motions for Determination of Discovery Disputes Concerning Plaintiffs' Discovery (ECF No. 83 ("July 8 Order")), objecting to the factual and legal findings therein. (ECF No. 96.) Defendants oppose. (ECF No. 126.)

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Plaintiffs' motions for reconsideration (ECF Nos. 79 and 96).

I. BACKGROUND

A. Scheduling Order and Chambers' Rules

Plaintiffs commenced this putative class action on October 8, 2013 against Saveology.com, LLC ("Saveology"), Elephant Group, Inc. ("Elephant Group") and Time Warner Cable, Inc. ("TWC") (collectively, "Defendants"). Following determination of Defendants' motions to dismiss, an Early Neutral Evaluation Conference was held before the magistrate judge on September 24, 2014. (ECF No. 27.) The following day, the magistrate judge issued an order setting class discovery deadlines. (ECF No. 28 ("Scheduling Order").) Pursuant to the Scheduling Order, class discovery was to be completed by all parties on or before February 27, 2015. (*Id.* at p. 1.) As stated in the order, "completed" means:

> [A]ll discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer

> process. <u>If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court (see attached "Chambers' Rules" on Discovery Disputes).</u>

(*Id.* at pp. 1-2 (emphasis added).)

The "Chambers' Rules" on Discovery Disputes attached by the magistrate judge state:

> **C. Joint Motion Procedure.** If the parties do not resolve their dispute through the meet and confer process, counsel must, **within forty-five (45) days of the date of the event giving rise to the dispute** (*see* **VI.C.2 below**), file a joint statement entitled "Joint Motion for Determination of Discovery Dispute No. __" with the Court.
>
> . . .
>
>> **2. Date of Event Giving Rise to the Dispute ("Trigger Date").** The Court uses these parameters to determine the date of the event giving rise to the dispute:
>>
>> . . .
>>
>> **b. For Written Discovery:** <u>the event giving rise to the discovery dispute is the service of the initial response</u>, or the passage of the due date without a response or document production.
>>
>> **c. Effect of Meet and Confer Efforts:** The Trigger Date is not the date that counsel reach an impasse in meet and confer efforts.
>>
>> **d. Court Order Required for Extensions:** The 45-day deadline will not be extended without a prior court order, i.e., counsel cannot unilaterally extend the deadline. Also, ongoing meet and confer efforts, rolling document productions or supplemental responses do not extend the deadline.

(Judge Stormes' Chambers' Rules (Civil Case Procedures) at § VI(C) ("Chambers' Rules") (emphasis added).)

///

///

### B. Discovery and Extensions

On December 15, 2014, Plaintiffs first served Saveology with extensive written discovery requests, including a First Set of Interrogatories. (ECF No. 33; *see also* ECF No. 59-3 at ¶ 2, ECF No. 96-1 at p. 4.) As of January 15, 2015, Plaintiffs had not served any written discovery on TWC or conducted any depositions. (ECF No. 33.) Therefore, the parties jointly requested an extension of the discovery cut-off. (*Id.*) On January 21, 2015, the magistrate judge granted a joint motion extending the class discovery completion deadline to April 27, 2015. (ECF No. 34.)

On February 11, 2015, Saveology served its initial responses to Plaintiff's First Set of Interrogatories. (ECF No. 59-3 at ¶ 3.) On February 26, 2015, Saveology served its responses to Plaintiffs' First Set of Requests for Admission, and on March 6, 2015, Saveology served additional responses to Plaintiffs' First Set of Interrogatories and additional responses to Plaintiffs' document requests. (*Id.*; *see also* ECF No. 42 at p. 4, ¶ 8, ECF No. 96-1 at p. 5.) On February 12, 2015, Plaintiffs served TWC with written discovery requests. (ECF No. 42 at p. 4, ¶ 8; *see also* ECF No. 96-1 at p. 4.)

On March 12, 2015, Plaintiffs served Saveology with a second set of written discovery requests, and served Elephant Group with written discovery requests for the first time. (*Id.*; *see also* ECF No. 96-1 at p. 4.) Saveology and TWC served their responses on March 24, 2015. (*Id.* at p. 5; *see also* ECF No. 96-1 at p. 4.) Saveology provided supplemental responses to Plaintiffs' First Set of Interrogatories on the same day. (ECF No. 59-3 at ¶ 3.) Several depositions were scheduled for April 2015. (ECF No. 42 at p. 5.)

On March 25, 2015, the parties filed a second joint motion to extend the discovery completion deadline, in light of the fact the parties had agreed to conduct a private mediation on April 1, 2015 and wished to pause their discovery efforts. (*Id.* at pp. 1-6.) The magistrate judge extended the class discovery completion deadline a second time to June 26, 2015. (ECF No. 43.) In her order extending discovery, she

stated that she "will not grant any further extensions absent **extraordinary cause**." (*Id.*)

On April 7, 2015, Defendants moved for a two-week extension of time to respond to pending written discovery and to continue the April depositions due to Defendants' counsel withdrawing from the case. (ECF No. 44.) Finding good cause, on April 9, 2015, the magistrate judge granted Elephant Group and Saveology a two-week extension to respond to written discovery until April 28, 2015, and permitted the scheduled depositions to be continued to dates commencing within thirty days. (ECF No. 49.) In the same order, the magistrate judge denied, without prejudice, Plaintiffs' request to continue the deadline to file motions to compel and the discovery cutoff deadline, finding no reason at the time "to believe that the parties will have problems complying with the current deadlines." (*Id.* at p. 3.) Thereafter, on April 28, 2015, Elephant Group served its initial responses to Plaintiff's written discovery, and Saveology served its initial responses to Plaintiffs' second set of written discovery. (ECF No. 96-1 at p. 4.) On June 2, 2015, Saveology, with new counsel, provided amended responses to Plaintiff's First Set of Interrogatories. (ECF No. 59-3 at p. 2, ¶ 3.)

### C. Discovery Disputes

On June 11, 2015, Plaintiffs filed a Joint Motion for Determination of Discovery Dispute re: First Set of Interrogatories Propounded on Saveology ("Joint Motion"). (ECF No. 59.) Plaintiffs sought to compel "full and complete responses to their Interrogatory Nos. 6, 8, 9, 10, 11, 14, 18 and 20, over Saveology's blanket, boilerplate objections." (ECF No. 59-1 at p. 3.) The June 18 Order denied Plaintiffs' Joint Motion to compel further responses to the First Set of Interrogatories because the Joint Motion "was not timely filed as required by the chambers' rules." (*See* ECF No. 62 at p. 1.)

On June 19, 2015, Plaintiffs filed a motion for reconsideration of the June 18 Order. (ECF No. 66.) On June 25, 2015, the magistrate judge denied Plaintiffs'

motion for reconsideration. (ECF No. 72.) Thereafter, on July 2, 2015, Plaintiffs filed objections to the June 18 Order and the June 25 Order pursuant to Federal Rule of Civil Procedure 72(a). (ECF No. 79.) Defendants oppose. (ECF No. 92.)

On June 25, 2015, Plaintiffs filed an *ex parte* motion asking the Court to approve – nunc pro tunc to June 25, 2015 – the parties' alleged agreement to allow the filing on June 25, 2015 of Joint Motions for Determination of Discovery Disputes regarding the sufficiency of Saveology's and TWC's responses to first sets of requests for admission and document requests, and the sufficiency of Saveology's responses to Plaintiffs' second set of Discovery (interrogatories, admissions, and requests for documents), and Elephant Group's responses to Plaintiffs' first sets of discovery (interrogatories, admissions, and requests for documents). (ECF No. 75.) Defendants opposed. (ECF No. 77.) On July 8, 2015, the magistrate judge denied Plaintiffs' *ex parte* motion. (ECF No. 83.)

On July 23, 2015, Plaintiffs filed a motion for reconsideration of the July 8 Order. (ECF No. 96.) Defendants oppose. (ECF No. 126.)

## II. STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. A decision is contrary to law "if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

### III.   DISCUSSION

#### A.   Objections to June 18 Order and June 25 Order

##### 1.   <u>Timeliness of Joint Motion</u>

Plaintiffs first argue "the June 1[8] Order miscalculated the timeliness of the Joint Motion by not calculating the date of Plaintiffs' deadline to file a Joint Motion commencing 45 days from the date of service of Saveology's third set of amended responses on June 2nd." (ECF No. 79-1 at p. 7, lines 17-20.) In the June 18 Order, the magistrate judge reviewed the Joint Motion and determined that "[f]or all the interrogatories except for numbers 6 and 14, Saveology asserted several objections on February 11 and did not indicate that it would serve any responsive documents." (ECF No. 62 at p. 2.) Accordingly, the magistrate judge determined that February 11 was the event giving rise to the discovery dispute, thereby triggering the 45-day deadline to file any motion to compel. (*Id.*) The deadline to file a motion to compel interrogatories 8, 9, 10, 11, 18, and 20 was therefore March 30, 2015. (*Id.*)

The magistrate judge conducted the same analysis for interrogatory number 14, as "on February 11 Saveology asserted several objections and did not indicate that it would produce any responsive documents." (*Id.* at pp. 2-3.) The magistrate

1 judge therefore determined that March 30, 2015 was also the motion to compel
2 deadline for interrogatory number 14, despite the fact Saveology asserted different
3 objections in declining to produce documents in its March 6, 2015 response. (*Id*. at
4 p. 3.)

5       The magistrate judge calculated a different trigger date for interrogatory
6 number 6 because, on February 11, Saveology responded that it would produce
7 responsive documents. (*Id.*) It was not until March 6, when Saveology asserted that
8 it would not produce responsive documents, that the motion to compel deadline was
9 triggered. (*Id.*) Therefore, the magistrate judge determined the motion to compel
10 deadline for interrogatory number 6 was April 20, 2015. (*Id.*) As the Joint Motion
11 was not filed until June 11, 2015, well after both deadlines, the magistrate judge
12 denied Plaintiffs' motion to compel further responses to the First Set of
13 Interrogatories as untimely. (*Id.*)

14       Plaintiffs argue that Saveology's June 2, 2015 second amended responses
15 should have triggered the motion to compel deadline because they "alter[ed] the
16 nature of Saveology's objections," and this Court's decision in *Guzman v.*
17 *Bridgepoint Educ., Inc*., No. 11-cv-69-BAS-WVG, 2014 WL 3407242 (S.D. Cal.
18 July 10, 2014) "stands for the proposition that joint motion deadlines are to be
19 calculated from the service date of amended responses, especially those that alter the
20 asserted objections." (ECF No. 79-1 at p. 6.)

21       The Court does not agree that *Guzman* stands for the proposition set forth by
22 Plaintiffs. The defendants in *Guzman* objected to certain interrogatories and requests
23 for production. *See Guzman*, 2014 WL 3407242 at *1-3. Thereafter, the defendants
24 filed supplemental responses, but "did not alter the nature of their objection or the
25 dispute at all from their responses." *Id.* at *5. Therefore, the Court determined the
26 magistrate judge did not err in calculating the applicable deadline from the initial
27 response. *Id.* at *6. *Guzman* does not suggest, however, that if the defendants had
28 filed supplemental responses, continuing to object to the interrogatories and requests

1  for production at issue, but altering their objections, that the motion to compel clock
2  would be re-started by the supplemental response. Rather, as the magistrate judge in
3  *Guzman* stated, and this Court affirmed: "Defendant's Supplemental Responses
4  served on February 3, 2014 also did not reset the clock as Plaintiff contends. To
5  follow Plaintiff's logic, the 30-day clock would never begin to run as long as the
6  opposing party continued to amend or supplement earlier responses." *Id.* at *4. In
7  this regard, Judge Stormes explicitly states in her Chambers' Rules: "supplemental
8  responses do not extend the deadline." (Chambers' Rules at § IV(C)(2)(d).) Instead,
9  the "event giving rise to the discovery dispute is the service of the **initial** response,"
10 which, in this case, was the date Saveology first indicated it would not serve any
11 responsive documents. (*Id.* at § IV(C)(2)(b); *see also* ECF No. 62 at pp. 2-3.)

12     Plaintiffs further argue that to the extent the magistrate judge's Chambers'
13 Rules prohibit review of *any* amended responses served forty-five (45) days after the
14 initial response, they violate Rule 37 of the Federal Rules of Civil Procedure and due
15 process. (ECF No. 79-1 at p. 8.) However, this argument relies on a misinterpretation
16 of the magistrate judge's Chambers' Rules. Nothing in the magistrate judge's
17 Chambers' Rules would prohibit review of *any* amended responses served forty-five
18 (45) days after Saveology's original response. For example, Saveology served its
19 original response to Plaintiffs' interrogatory number 6 on February 11, but first stated
20 it would not produce responsive documents in its amended responses served on
21 March 6. (ECF No. 62 at p. 3.) Therefore, in the June 18 Order, the magistrate judge
22 calculated the 45-day clock from March 6. (*Id.*)

23     For the foregoing reasons, the Court cannot conclude that the magistrate judge
24 made any mistake in calculating the applicable deadlines. *See Concrete Pipe*, 508
25 U.S. at 623. The Court also cannot identify any failure or misapplication of relevant
26 statutes, case law, the Scheduling Order, or the Chambers' Rules. *See Cathcart*, 2009
27 WL 1764642, at *2. Therefore, the magistrate judge's calculations of the applicable
28 deadlines and her finding that the Joint Motion was untimely are neither clearly

erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

### 2. Prior Permission

Next, Plaintiffs argue they are not required to seek permission from the Court to extend the 45-day deadline because their Joint Motion was timely. (ECF No. 79-1 at pp. 8-12.) As discussed herein, however, the magistrate judge did not commit clear error or rule contrary to law in concluding that the Joint Motion was untimely. As the magistrate judge's Chambers' Rules explicitly state that the "45-day deadline will not be extended without a prior court order, i.e., counsel cannot unilaterally extend the deadline" (Chambers' Rules at § VI(C)(2)(d)), if Plaintiffs wish to extend the 45-day deadline, they must seek permission from the magistrate judge.

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' objections to the June 18 Order and the June 25 Order. As the Court overrules the objections, it declines to rule on the relief requested in the Joint Motion. (*See* ECF No. 79-1 at pp. 12-20.)

### B. Plaintiffs' Objections to July 8 Order

Plaintiffs argue the July 8 Order is clearly erroneous because the magistrate judge misinterpreted Plaintiffs' argument in their *ex parte* motion. (*See* ECF No. 96-1 at pp. 13-15.) Plaintiffs contend that contrary to the magistrate judge's assertion that "Plaintiffs do not argue good cause to amend the scheduling order; rather, they argue that the parties' agreement to allow the filing of discovery motions on June 25 'does *not* involve a "scheduling order"'" (ECF No. 83 at p. 5), they did in fact argue good cause in their *ex parte* motion. (ECF No. 96-1 at p. 14.) Plaintiffs quote the following portion of their *ex parte* motion in support of this argument:

> Here, there is good cause for the issuance of the requested order and relief requested because the parties expressed [sic] agreed to the relief requested; Defendants' have refused to enter into a stipulation notwithstanding their prior expressed agreement; Plaintiffs have been prejudiced by Defendants' failure to enter into stipulation; and the relief requested does not violation any orders issued in this case, the local rules, "Chamber Rules," or the Federal Rules of Civil Procedure.

(ECF No. 96-1 at p. 14 (citing ECF No. 75 at p. 1, lines 8-13).) Plaintiffs assert that with respect to the Scheduling Order, they "were simply arguing that neither the 'discovery completion deadline' found in the most recent scheduling order (Docket No. 43) nor the Court's Civil Case Procedures prevented the Magistrate Judge from approving the parties' agreements and the Ex Parte Motion." (*Id.* at p. 14.)

Upon review of the July 8 Order, the Court finds the magistrate judge did in fact consider Plaintiffs' good cause argument and determined there was no good cause to amend the Scheduling Order. In the July 8 Order, under the sub-heading "There Is No Good Cause to Amend the Scheduling Order," the magistrate judge addresses "Plaintiffs' attempt at wordsmithing" in a "third attempt at getting the court to change its mind on the motion filing deadline." (ECF No. 83 at pp. 5, 6.) The magistrate judge found that in Plaintiffs' "third attempt at getting the court to change its mind on the motion filing deadline, Plaintiffs fail to cite any good cause." (*Id.*) In finding a lack of good cause, the magistrate judge highlighted the following facts: Plaintiffs delayed in issuing discovery;[1] the 45-day deadline to file a joint discovery motion was part of the Scheduling Order issued in September 2014; Plaintiffs were aware of the magistrate judge's deadlines;[2] Plaintiffs missed the applicable

---

[1] *See* ECF No. 83 at p. 2 ("On December 15, 2014—nearly three months after discovery opened—Plaintiffs served their first set of discovery on Saveology."); p. 3 ("On January 15, 2015—nearly four months after discovery opened—and without having served any discovery on any defendant other than Saveology—the parties jointly asked the court to extend the five-month class discovery period by an additional four months."; "On February 12, 2015—nearly five months after discovery opened—Plaintiffs served their first set of discovery on TWC."; "On March 12, 2015—nearly two months after the court extended the class discovery deadline to April 27, 2015 and six months after discovery opened—Plaintiffs served their first set of discovery on [Elephant Group.]")

[2] Plaintiffs contend that the magistrate judge's finding of a lack of good cause is clearly erroneous to the extent that it solely relies on emails exchanged between the parties regarding extensions. (ECF No. 96-1 at pp. 17-19.) However, the portions of the emails cited by the magistrate judge in the July 8 Order simply demonstrate that the parties were aware the magistrate judge had imposed certain

deadlines,³ and "even though Defendants agreed to the extensions, such agreement did not negate the requirement that Plaintiffs get court approval for the extensions." (*Id.* at p. 6.)

While Defendants may be correct in asserting that nothing in the Scheduling Order or in the magistrate judge's Chambers' Rules prevented the magistrate judge, in her discretion and upon a showing of good cause, from approving the parties' agreement and granting the *ex parte* motion,⁴ Defendants fail to acknowledge that the magistrate judge would have been forced to flaunt every rule and deadline she had put in place to ensure efficient treatment and resolution of the case and Plaintiffs failed to demonstrate good cause to do so. As the magistrate judge explained in her July 8 Order, there are sound reasons for her discovery rules as they are "meant to prevent a flurry of discovery motions being filed at the end of the discovery period, exactly what Plaintiffs appear to be doing here." (ECF No. 83 at p. 7.)

As further stated in the July 8 Order, there is "sound circuit-wide policy" supporting the enforcement of Rule 16 deadlines. (*See* ECF No. 83 at pp. 7-8 (citing *Guzman*, 2014 WL 1057417, *3 (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005))).) *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (internal quotations and citation omitted)); *Cornwell v. Electra Cent. Credit Union*,

---

deadlines to file motions to compel. There is nothing to suggest the magistrate judge solely relied on these emails in determining good cause or for any reason other than to highlight the parties' awareness, or that her reliance on them was clearly erroneous or contrary to law.

³ In their Objections, Plaintiffs again cite to *Guzman*, arguing the magistrate judge's interpretation of *Guzman* is clearly erroneous and contrary to law. (ECF No. 96-1 at pp. 15-16.) For the reasons stated above, this Court disagrees.

⁴ However, it appears Plaintiffs' *ex parte* motion failed to comply with the magistrate judge's requirement that requests to continue a scheduling order deadline must be made "in writing no less than **seven (7) calendar days** before the affected date." (Rules at p. 2, § III.)

1 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one."); *Singh v. Arrow Truck Sales, Inc.*, 2006 WL 1867540, at *2 (E.D. Cal., July 5, 2006) ("Rules are rules—and the parties must play by them.  In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines.  If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance"), citing *Legault v. Zambrano*, 105 F.3d 24, 28–29 (1st Cir. 1997).

For the foregoing reasons, the Court cannot conclude that the magistrate judge committed clear error in interpreting Plaintiffs' *ex parte* motion or in determining there was no good cause to amend the Scheduling Order.  *See Concrete Pipe*, 508 U.S. at 623.  To the extent Plaintiffs ask this Court to exercise its discretion differently in determining good cause, the Court declines to do so, deferring instead to the magistrate judge's sound judgment.  *See id.*  The Court also cannot identify any failure or misapplication of relevant statutes, case law, the Scheduling Order, or the Chambers' Rules.  *See Cathcart*, 2009 WL 1764642, at *2.  Therefore, the magistrate judge's denial of Plaintiffs' *ex parte* motion to approve the belatedly filed joint motions for determinations of discovery disputes is neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

///
///
///
///
///
///

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Plaintiffs' motions for reconsideration of the June 18 Order, June 25 Order, and July 8 Order, because the orders were neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

**IT IS SO ORDERED.**

DATED: August 26, 2015

Hon. Cynthia Bashant
United States District Judge