UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STOBA and DAPHNE STOBA, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SAVEOLOGY.COM, LLC, *ET AL.*,<br><br>Defendants | Case No. 13-cv-02925-BAS(NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO SEAL (ECF NO. 87); AND**<br><br>**(2) GRANTING PLAINTIFFS' MOTIONS TO SEAL (ECF NOS. 103, 112, 117)** |

Presently before the Court are several *ex parte* motions to file documents under seal filed by plaintiffs George Stoba and Daphne Stoba (collectively "Plaintiffs") and defendants Saveology.com, LLC and Elephant Group, Inc. (collectively "Defendants") in connection with the motions for summary judgment filed by Defendants and Time Warner Cable, Inc. and Plaintiff's motion for class certification. (*See* ECF Nos. 87, 103, 112, 117.) No oppositions were filed.

**I.   LEGAL STANDARD**

Two standards generally govern motions to seal documents, the "good cause" standard and the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The "'compelling reasons' standard applies to most

judicial records." *Id.* at 677-78.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption by meeting the "compelling reasons" standard. *Id.* "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal citations and quotations omitted).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

Records attached to non-dispositive motions, however, are not subject to the strong presumption of access. *Kamakana*, 447 F.3d at 1179; *see also Pintos*, 565 F.3d at 678-79. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," a party moving to seal need only meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* (internal quotations omitted). The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information

1   from being disclosed to the public by balancing the needs for discovery against the
2   need for confidentiality." *Pintos*, 605 F.3d at 678 (citing *Phillips ex rel. Estates of*
3   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

4   Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is
5   sufficient to preserve the secrecy of sealed discovery documents attached to non-
6   dispositive motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*,
7   686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakan*a, 447 F.3d
8   at 1180 (requiring a "particularized showing" of good cause); *Beckman Indus., Inc.*
9   *v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A blanket protective order is not
10  itself sufficient to show "good cause" for sealing particular documents. *See Foltz*,
11  331 F.3d at 1133; *Beckman Indus., Inc.*, 966 F.2d at 476; *San Jose Mercury News,*
12  *Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. DISCUSSION

### A. Defendants' Motion to Seal (ECF No. 87)

Defendants seek leave to file several documents under seal in connection with their motion for summary judgment (ECF No. 86). A motion for summary judgment is a dispositive motion. *See Kamakana*, 447 F.3d at 1179. Therefore, Defendants must meet the compelling reasons standard. *See id.*

The documents Defendants seek leave to file under seal include the Declaration of the Chief Intellectual Property Counsel at Cox Communications, Inc. ("Cox") and Exhibits A, B, and C to this declaration.[1] Defendants argue the documents, with the exception of Exhibit A, which contains Plaintiffs' personal identifying information, discuss or incorporate "highly sensitive and confidential business information regarding how [Cox's] Voice over Internet Protocol technology operates and functions." (ECF No. 87 at p. 2; ECF No. 87-1 at ¶ 3.) Defendants also seek leave to file under seal Exhibits J, K, L, and M to the Declaration of Abhishek Joshi (ECF

---

[1] The Court notes Defendants have only lodged these documents. (ECF No. 89.) They are not filed on the docket in redacted form or with placeholders.

No. 86-8), which consist of documents from Saveology.com, LLC. Defendants argue these documents reveal "Saveology's highly sensitive, confidential, and uniquely coded call path." (ECF No. 87 at p. 2.) With respect to both sets of documents, Defendants argue disclosure could harm Cox and Saveology.com, LLC. (*Id.*; ECF No. 87-1 at ¶¶ 3-4.)

Having reviewed and considered the motion and the lodged documents, the Court finds Defendants have established compelling reasons to seal the lodged documents (ECF Nos. 88, 89). Accordingly, Defendants' motion to seal is granted.

### B. Plaintiffs' Motions to Seal (ECF Nos. 103, 112, 117)

Plaintiffs seek to file several documents under seal in connection with their oppositions to the motions for summary judgment filed by (1) Saveology.com, LLC and Elephant Group, Inc., and (2) Time Warner Cable, Inc. (ECF Nos. 112, 117) and their motion for class certification (ECF No. 103). As with Defendants' motion, any documents filed in opposition to a motion for summary judgment must meet the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. With respect to documents filed in connection with a motion for class certification, unless the denial of a motion for class certification would constitute the death knell of a case, "the vast majority of []courts within this circuit" treat motions for class certification as non-dispositive motions to which the "good cause" sealing standard applies. *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA(NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (citing I*n re High–Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (compiling cases and, though recognizing that "there may be circumstances in which a motion for class certification is case dispositive," stating that "the Court applies a 'good cause' standard here in accordance with the vast majority of other courts within this circuit"))). Accordingly, Plaintiffs must meet the good cause standard with respect to sealing documents related to their motion for class certification.

In connection with their motion for class certification, Plaintiffs seek to seal

several exhibits attached to the Declaration of Patrick N. Keegan (ECF No. 102 at ¶ 8). (ECF No. 103.)  Having reviewed and considered the motion and the lodged documents, the Court finds Plaintiffs have established good cause to seal the lodged documents (ECF No. 104).  Accordingly, Defendants' motion to seal is granted.

Plaintiff seek to seal several of the same documents attached as exhibits to the Declarations of Patrick N. Keegan (ECF Nos. 108-1, 116) and Plaintiffs (ECF Nos. 115-2, 115-3) in connection with their oppositions to the motions for summary judgment filed by (1) Saveology.com, LLC and Elephant Group, Inc., and (2) Time Warner Cable, Inc.  Having reviewed and considered the motions and the lodged documents, the Court finds Plaintiffs have established compelling reasons to seal the lodged documents (ECF No. 104).  Accordingly, Defendants' motions to seal are granted.

### III.   CONCLUSION

For the foregoing reasons, Defendants motion to seal (ECF No. 87) is **GRANTED**, and Plaintiffs' motions to seal (ECF Nos. 103, 112, 117) are **GRANTED**.

IT IS SO ORDERED.

DATED:  March 31, 2016

Hon. Cynthia Bashant
United States District Judge