UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STOBA, and DAPHNE STOBA, on behalf of themselves and others similarly situated,,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAVEOLOGY.COM, LLC; ELEPHANT GROUP, INC.; TIME WARNER CABLE, INC.; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 13cv2925 BAS (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION FOR ORDER REQUIRING WITNESSES TO APPEAR AT DEPOSITIONS (Discovery Dispute No. 5) [Dkt. No. 169]; and**<br><br>**(2) DENYING PLAINTIFFS' EX PARTE MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO CONDUCT FURTHER DISCOVERY (Discovery Dispute No. 6) [Dkt. No. 175].** |

　　　This is a prospective class action alleging violations of the California Invasion of Privacy Act, Cal. Pen. Code §§ 632 and 632.7(c)(1).  Procedurally, Plaintiffs have filed a motion for class certification.  Defendants' opposition to that motion is currently due July 8, 2016.  Now, the parties filed two competing discovery motions with each asking to compel certain discovery.  For the following reasons, the court **GRANTS in part and DENIES in part** Defendants' motion to compel witness depositions, and **DENIES** Plaintiffs' motion to compel further discovery.

**Relevant Background.**

Named Plaintiffs George Stoba and Daphne Stoba allege they were contacted on multiple occasions on their landline by a telemarking company, defendant Saveology.com, LLC. Defendant Elephant Group, Inc. (EGI) is the parent company of Saveology. Saveology made the contacts on behalf of defendant Time Warner Cable, Inc. The Stobas allege that their telephone calls were recorded without their consent and without the proper notice, all in violation of California law. They make these claims on behalf of a purported class of people physically located or residing in California. They also seek to certify a subclass for cell phone users.

Procedurally, class discovery closed in this case—after several extensions and discovery disputes—on June 26, 2015. Meanwhile, on June 16, 2015, defense counsel had asked Plaintiffs' counsel about disclosing the experts on which they intended to rely in the class certification motion. Feldman Decl. Ex. A, p.15. That same day, Plaintiffs' counsel replied: "[P]re-filing notification of Plaintiffs' supporting expert witnesses seems unnecessary given that Defendants will have adequate time to depose Plaintiffs' experts after the filing of Plaintiffs' motion." Feldman Decl. Ex. A, p.14.

On July 17, 2015, Defendants filed a motion for summary judgment. Dkt. No. 84. Then, between July 27 and 28, 2015, Plaintiffs filed their motion for class certification. In support they disclosed, for the first time, their three proposed experts who provided declarations: Gerald Borlin [Dkt. No. 101], Jeffrey Hansen [Dkt. No. 100-2] and Lisa Mullins [Dkt. No. 100-3]. They also included a declaration from a fact witness, Christina Wickman [Dkt. No. 100-1], who is one of Plaintiffs' attorneys of record. Plaintiffs first disclosed Ms. Wickman as a fact witness in response to a court order on July 21, long past the discovery cutoff and only days before the class certification motion was filed.

On July 29, 2015 defense counsel asked Plaintiffs' counsel to provide dates to depose the four witnesses. Feldman Decl. Ex. B, p.19. Plaintiffs' counsel did not

respond to that email.  Feldman Decl. ¶ 12.  The next day, defense counsel sent two emails asking Plaintiffs' counsel to confirm whether they would produce each witness pursuant to a deposition notice served via email.  Feldman Decl. ¶¶ 12, 13.  Plaintiffs' counsel did not respond.  Feldman Decl. ¶¶ 12, 13.  On July 31, 2015, defense counsel called each of the four attorneys of record.  Feldman Decl. ¶ 14.  No attorney answered the phone.  Feldman Decl. ¶ 14.  Defense counsel left a voicemail for each attorney of record asking that she or he discuss the depositions and confirm the attendance of the four witnesses.  Feldman Decl. ¶ 14.  None of Plaintiffs' attorneys of record called in return.  Feldman Decl. ¶ 14.

On July 31, 2015 Plaintiffs' lead counsel, Patrick Keegan, sent a reply email to defense counsel saying that he could not meet and confer on the expert deposition issue until August 4, 2015.  Feldman Decl. ¶ 16.  Defense counsel responded, asking for confirmation of the depositions by noon on August 3, 2015.  Feldman Decl. ¶ 17.  Plaintiffs' counsel did not respond.  Feldman Decl. ¶ 17.

On August 4, 2015 Defendants personally served subpoenas on Mr. Borlin and Ms. Hansen.  Feldman Decl. ¶ 18.  They attempted personal service several times on the other two witnesses, Ms. Wickman and Ms. Mullins.  Feldman Decl. ¶¶ 18-20.  But they were never personally served.  *Id.*

Also on August 4, Patrick Keegan confirmed to defense counsel that they would not produce any of the four witnesses because "the discovery cutoff passed."  Feldman Decl. ¶ 21.  That same day, Defendants filed an ex parte motion asking the court to compel the deposition of the four witnesses, or strike the declarations they filed in support of Plaintiffs' motion for class certification.  Dkt. No. 119.

On August 10, 2015 the district judge modified the class certification briefing schedule so that Defendants' opposition would not be due until 30 days after the court issued an order on the summary judgment motion, which removed the urgency of ruling on Defendants' deposition issue.  Then, on September 22, the district judge denied

Defendants' motion to compel the depositions "**WITHOUT PREJUDICE** to raising the issue again after the Court issues an order on the motions for summary judgment." Dkt. No. 145, p.2 (emphasis in original).

The district judge held oral argument on the summary judgment motion on May 9, 2016, and ordered that the opposition to the class certification motion be filed by July 8, 2016. The court did not set a due date for the reply or set a hearing for the motion.

On May 10, 2016, defense counsel asked Plaintiffs to confirm whether they would produce the proposed witnesses for depositions. Plaintiffs refused to produce the three experts. They also refused to produce Ms. Wickman as a fact witness but now "agree to voluntarily withdraw the declaration of Ms. Wickman[.]" Opp'n, p.12.

Meanwhile, Plaintiffs filed their own ex parte motion to allow them to conduct discovery on "newly produced evidence" so that they can (1) obtain an unredacted copy of Time Warner's "Domain Name Agreement;" and (2) take a Rule 30(b)(6) deposition of Time Warner regarding the Domain Name Agreement.

**Discussion.**

**1. Legal Standard.**

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Once the party seeking discovery establishes that the request meets this broadly-construed relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

### 2. Defendants' Request for Depositions.

In the scheduling order governing discovery, the court ordered that "[f]act and class discovery are not bifurcated but class discovery shall be completed by all parties on or before February 27, 2015." Dkt. No. 28 (the deadline was eventually continued to June 26, 2015). Defendants argue that the four depositions cannot be compelled because (1) the magistrate judge does not have jurisdiction to rule on this motion because it contemplates striking evidence before the district judge; (2) the district judge already ruled on this issue; (3) class discovery is closed and Defendants never requested that the deadline be extended to allow for the depositions; and (4) Plaintiffs were under no obligation to disclose their expert witnesses.

First, this is a discovery issue, and the magistrate judge has jurisdiction to rule on discovery issues. If the magistrate judge contemplates ruling on a dispositive issue, the ruling can be issued via a Report and Recommendation.

Second, the district judge denied Defendants' first motion to compel the depositions "**WITHOUT PREJUDICE** to raising the issue again after the Court issues an order on the motions for summary judgment." Dkt. No. 145, p.2 (emphasis in original). This denial *without prejudice* does not moot the issue.

Third, Defendants had no way to conduct the discovery on the four witnesses because Plaintiffs did not timely disclose them. On June 16, 2015, before the discovery deadline passed Defendants even asked Plaintiffs if they would be relying on any experts. Plaintiffs never answered that question. They simply assured Defendants that "pre-filing notification of Plaintiffs' supporting expert witnesses seems unnecessary given that Defendants will have adequate time to depose Plaintiffs' experts after the filing of Plaintiffs' motion." Feldman Decl. Ex. A, p.14. So, as of June 16, 2015, Defendants had no notice that Plaintiffs had intended to rely on experts in their class certification motion. Even if they did, Plaintiffs indicated they would be willing to stipulate to reopen discovery on the matter.

As soon as it became clear that Plaintiffs relied on experts in their motion and refused to stipulate to their depositions, Defendants immediately requested relief from the court.  Therefore, Plaintiffs' arguments that Defendants dropped the ball on conducting the expert discovery does not ring true.  As soon as Defendants found out, they tried to work out the issue with Plaintiffs.  After Plaintiffs repeatedly failed to respond, Defendants sought relief with the court.

Finally, while the scheduling order does not parse out expert discovery, it is implicit that *class* discovery includes *any* discovery that will be used in support of the class certification motion.  In other words, "class discovery" includes fact and expert discovery.  As such, fundamental fairness requires that if Plaintiffs intended to rely on experts for their class certification motion, they should have disclosed those experts.  Under the Federal Rules, it is inconceivable that a party can rely expert witnesses in a dispositive motion without affording any opportunity to the other side to conduct discovery on that expert.  No amount of rule interpretation or manipulation can contradict what Plaintiffs have been already told in previous orders:  "If Plaintiffs do not identify witnesses yet later try to use information from them as 'evidence on a motion, at a hearing, or at trial,' Plaintiffs may be subject to sanctions in the form of evidence preclusion and attorney's fees, unless that failure is substantially justified or harmless." Dkt. No. 82, p.5 (citing Fed. R. Civ. Proc. 37(c)(1)).

Accordingly, the court **GRANTS** Defendants' motion to compel the depositions of the three expert witnesses.  Given Plaintiffs' offer to withdraw the declaration of Ms. Wickman, the court **DENIES** Defendants' request to depose her.  Because Plaintiffs have identified Ms. Wickman as a fact witness, this denial is **without prejudice** to Defendants deposing her regarding merits discovery following the ruling on the class certification motion.

Further, the court **DENIES without prejudice** Defendants' request for sanctions in the form of attorney's fees or evidence preclusion.

**3. Plaintiffs' Motion for Discovery.**

Plaintiffs seek to obtain an unredacted copy of the "Domain Name Agreement" showing that the website www.timewarnercablespecial.com was copyrighted to Bridgevine, Inc., a competitor of Saveology. They also want to conduct a Rule 30(b)(6) deposition of Time Warner regarding this document.

Defendants produced the document in response to a Rule 11 sanctions motion by Plaintiffs "in an attempt to demonstrate to Plaintiffs that they had based their Rule 11 Motion on incorrect 'facts' and that they should withdraw their Rule 11 Motion." Opp'n, pp.4-5. Defendants assert that this document has nothing to do with class certification and will not rely on it in their opposition to the class certification motion. Plaintiffs make no attempt to explain how it is possibly relevant to class certification.

Plaintiffs' request here is improper for two reasons: (1) they filed it ex parte with no meet and confer and no prior notice to Defendants; and (2) it seeks discovery that is not relevant to class certification. Accordingly, the court **DENIES** Plaintiffs' motion for discovery. This denial is **without prejudice** to Plaintiffs seeking this discovery during the merits phase of discovery following the ruling on the class certification motion.

**Order.**

For good cause shown, the court **ORDERS**:

1. Defendants' motion for discovery is **GRANTED in part** and **DENIED in part**. Defendants must depose Plaintiffs' three identified expert witnesses—Gerald Borlin, Jeffrey Hansen and Lisa Mullins—by **June 28, 2016**. Plaintiffs must make every effort to follow the deposition schedule posed by Defendants.

2. Defendants may not depose Christina Wickman at this time but may depose her during the merits discovery phase of this action.

3. Pursuant to Plaintiffs' offer, the Clerk is **DIRECTED** to **REMOVE** the declaration of Christina Wickman [Dkt. No. 100-1] from the docket.  This removal is without prejudice to Plaintiffs filing a declaration from Ms. Wickman in the future.

4. This court has conferred with Judge Bashant's chambers, and confirms that Defendants' opposition deadline for the class certification motion is continued for two weeks until **July 22, 2016**.  The deadline for Plaintiffs to file the reply is **August 5, 2016**.

5. The court **DENIES without prejudice** Defendants' request for sanctions.

6. Plaintiffs' motion for discovery is **DENIED without prejudice** to seeking the discovery during the merits discovery phase of this action.

**IT IS SO ORDERED.**

Dated:  June 3, 2016

Hon. Nita L. Stormes
United States Magistrate Judge