# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STOBA and DAPHNE STOBA, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAVEOLOGY.COM, LLC; ELEPHANT GROUP, INC, and TIME WARNER CABLE INC.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 13-CV-2925-BAS-NLS<br><br>ORDER:<br><br>(1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING ADDITIONAL DISCOVERY RE: DOMAIN NAME AGREEMENT<br>[Doc. No. 179]; and<br><br>(2) SETTING ORAL ARGUMENT ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br>[Doc. Nos. 99, 190, 191, & 192] |

　　Plaintiffs George and Daphne Stoba filed a "motion for reconsideration" of the Magistrate Judge's June 3, 2016 Order denying their ex parte application to conduct further discovery. Plaintiffs requested an un-redacted copy of the Domain Name Ownership Agreement and a deposition regarding the document to prepare for their pending class certification motion. The Court treats the filing as an objection pursuant to Federal Rule of Civil Procedure 72(a). The Court affirms the Magistrate Judge's Order, which held that the material is not relevant to the class certification phase, but allowed Plaintiffs to renew their request during merits discovery.

　　The Court will hear oral argument on the motion for class certification on **Wednesday, August 31, 2016 at 2:30 p.m.** Plaintiffs must file their reply brief, if any, on or before **August 10, 2016.**

## Background

Plaintiffs allege that Defendants Saveology.com, LLC, Elephant Group, Inc., and Time Warner Cable Inc. violated California's privacy laws by recording their telephone calls without their consent.  Plaintiffs testified that they called a toll-free number that they found on the website www.timewarnercablespecial.com.  Defendants moved for summary judgment, in part, on the ground that they did not "own" that website.  Plaintiffs contended this was a false statement and sought sanctions.  In response, Defendants amended their brief to state they did not "operate" the website, submitted supplemental declarations, and attached a redacted copy of the Domain Name Ownership Agreement.  Defendants argued that Bridgevine, Inc., a non-party, operated the web page.  Plaintiffs argued that certain terms of the Agreement granted a license to Defendant Time Warner Cable that essentially established an ownership interest in the webpage.

On May 9, 2016, the Court denied Defendants' motions for summary judgment and denied Plaintiffs' motion for sanctions.

The governing schedule had required Defendants to oppose the class certification motion thirty days after the summary judgment ruling.  At the May 9 hearing, Defendants requested more time to address discovery matters, and the Court amended the schedule to allow Defendants sixty days to file their brief.  Pursuant to the Local Rules, the reply brief would have been due seven days later.  Civ. L.R. 7.1(e); Judge Bashant's Standing Order for Civil Cases ¶ 4B.

On May 27, 2016, Plaintiffs filed an ex parte motion for an order allowing them to conduct discovery on the new evidence before the hearing on their motion for class certification.  Plaintiffs sought an un-redacted copy of the Domain Name Ownership Agreement.  They noted that Defendants had not disclosed it until after the deadline for class discovery and that Defendants had blacked out information identifying names and contact information of Bridgevine's employees.

The Magistrate Judge held the request was improper procedurally and

substantively. First, "they filed it ex parte with no meet and confer and no prior notice to Defendants." Second, "it seeks discovery that is not relevant to class certification." [Doc. No. 178 at 7] The Magistrate Judge denied Plaintiffs' discovery motion without prejudice to renewal during the merits phase of discovery.

Plaintiffs contend the Order is "clearly erroneous" and "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72(a).

### A. Meet and Confer Requirement

Plaintiffs object to the Magistrate Judge's fact finding that they did not comply with the meet and confer requirement.

Counsel must attempt to resolve a dispute before filing a discovery motion. Civ. L.R. 26.1(a); *see* Fed. R. Civ. P. 37(a) (a party may move for discovery if "movant has in good faith conferred" with opponent to obtain it). The meet and confer requirement is specific. "If counsel have offices in different counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." Civ. L.R. 26.1(a); *accord* Judge Stormes' Chambers Rules § VI(A) ("If counsel are located in different districts, then telephone or video conference may be used. In no event will meet and confer letters, facsimiles or emails satisfy this requirement.").

Plaintiffs argue they satisfied this requirement during the May 16, 2016 telephone conversation and related email messages.

The record does not support this argument. During the May 16 conversation, Plaintiffs requested an un-redacted Domain Name Agreement and a Rule 30(b)(6) witness, but thereafter the parties exchanged email correspondence. Keegan Decl. ¶ 5 & Exs. 4-5 [Doc. No. 175-2]; Feldman Decl. ¶ 28 [Doc. No. 169-1]. The parties did not resolve the issue on May 16 because defense counsel needed to consult her clients. To fulfill the meet and confer requirement, the parties must discuss the merits of their dispute and attempt to resolve it during a live conversation. Accordingly, the Court overrules Plaintiffs' objection on this point.

B. <u>Ex Parte Procedure</u>

Plaintiffs also object to the Magistrate Judge's finding that they filed the ex parte without proper "notice" to the Defendants.

The Local Rules dictate that the opponent must be given reasonable notice when an ex parte motion will be made. Civ. L.R. 83.3(g). Magistrate Judge Stormes' Civil Case Procedures require that an ex parte application must include "reasonable and appropriate notice to the opposition, and evidence of an attempt to resolve the dispute without the Court's intervention." Chambers Rules § II. Advance notice is required because of the extremely short time that opposing counsel has to respond to an appropriate ex parte application – one business day. *Id.*; *see Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490-92 (C.D. Cal. 1993).

Plaintiffs contend they satisfied this rule during the telephone call and email exchanges described above. They state "[n]othing more is required." [Doc. No. 179-1 at 11]

The Court overrules Plaintiffs' objection. The Magistrate Judge correctly applied her own Chambers rule to the facts. The parties did not complete their discussion of the dispute during the May 16 conversation; instead, they exchanged written emails. Importantly, Mr. Keegan's declaration does not indicate that he notified opposing counsel that Plaintiffs would pursue an ex parte application.[1] *See* Keegan Decl. ¶ 5 [Doc. No. 175-2]

C. <u>Relevance of Domain Name Agreement to Class Certification Phase</u>

Turning to the substance of the dispute, Plaintiffs argue that the requested discovery is relevant to the class certification motion. Plaintiffs contend they will learn "the identity of who answered the calls made to the 888-221-5802 number appearing on the website." [Doc. No. 175-1 at 5]

---

[1] Even if the Court were to consider the content of the email correspondence, Plaintiffs did not inform Defendants that they would be filing an ex parte application. Keegan Decl., Ex. 4 [Doc. No. 175-7]

The Court affirms the Magistrate Judge's legal conclusion. The Court discerns no relevance to the Rule 23 analysis of whether the action is suitable for class treatment. Fed. R. Civ. P. 23. For example, the factors of Rule 23(a)(2) and (b)(3) direct the Court to consider whether there are common issues concerning notice and consent. It is not necessarily important how or where potential class members obtained the telephone number. The audio files and transcripts establish that the Stoba's conversations were recorded. The Court sees no need for the requested discovery prior to the hearing on the class certification motion.[2]

Finally, the Magistrate Judge denied the request without prejudice to seeking it during the merits discovery phase. [Doc. No. 178 at 8 ¶ 6] Plaintiffs may pursue the information later.

D.  Hearing Date on Class Certification Motion

The Court **ORDERS** the parties to appear on **August 31, 2016** at **2:30 p.m.** in Courtroom 4B for oral argument. *See* Civ. L.R. 7.1(d)(1). The parties should be prepared to discuss all matters concerning the motion for class certification and the recently-filed, related motions to exclude testimony. Plaintiffs must file their reply brief to the class certification motion on or before **August 10, 2016.** Local Rule 7.1(e) governs the deadlines for the Defendants' three motions to exclude evidence.

**IT IS SO ORDERED**.

DATED: August 4, 2016

Hon. Cynthia Bashant
United States District Judge

---

[2] The Court notes that Defendants did not rely on the Agreement in their opposition brief. [Doc. Nos. 177 at 5 & 194] Also, Plaintiffs have all but one part of the Domain Name Agreement; the exception is the names, phone numbers, and email addresses of Bridgevine's employees. [Doc. No. 186 at 6] If Plaintiffs believe the terms of the Agreement advance their position that their lawsuit should be certified as a class action, they may make that argument at the hearing.